**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN GOLDSTEIN,<br><br>                Plaintiff,<br><br>v.<br><br>SUMMIT PARTNERS, L.P., NEW EXCELERATE, L.P. and A.K.A. BRANDS HOLDING CORP.,<br><br>                Defendants. | Civil Action No. 1:24-cv-535<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Steven Goldstein, by his attorneys, alleges, based upon knowledge with respect to the facts relating to himself and upon information and belief with respect to all other allegations, as follows:

## INTRODUCTION

1. This action is brought pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. 78p(b) ("Section 16(b)"), in order to recover short-swing insider trading profits realized by statutory insiders of a.k.a. Brands Holding Corp. ("AKA" or the "Company.") This action only seeks to disgorge profits earned from the subject trading, it is not punitive in nature. The defendants (other than AKA) are members of a group that owned 10% or more of the outstanding common stock of AKA, making them statutory insiders of AKA within the meaning of Section 16(b). As statutory insiders, the defendants (other than AKA) are presumed to have had access to material non-public information concerning AKA's operations and future business prospects, are required by Section 16(b) to disgorge any profits earned through purchases and sales within a six-month period (*i.e.*, short-swing insider trading).

## PARTIES

2. Plaintiff Steven Goldstein is a shareholder of AKA.

3. Defendant Summit Partners, L.P. ("Summit") is a Delaware limited partnership with its principal offices at 222 Berkeley Street, 18th Floor, Boston, Massachusetts 02116. Summit Partners, L.P. is (i) the sole shareholder of Summit Partners GE IX AIV, Ltd., which is the general partner of Summit Partners GE IX AIV, L.P., which is the general partner of Summit Partners Growth Equity Fund IX-B AIV, L.P. ("Summit IX-B") and (ii) the sole member of Summit Partners GE IX, LLC, which is the general partner of Summit Partners GE IX, L.P., which is the general partner of Summit Partners Growth Equity Fund IX-A AIV, L.P ("Summit IX-A"). Summit IX-A and Summit IX-B have equal ownership of limited partnership interests of New Excelerate, L.P. Excelerate GP, Ltd. is the general partner of New Excelerate L.P. Summit Partners, L.P., through a two-person investment committee, currently comprised of Peter Y. Chung and Charles J. Fitzgerald, has voting and dispositive authority over the shares beneficially owned by each of these entities and therefore beneficially owns such shares.

4. Defendant New Excelerate, L.P. ("NELP" and with Summit the "Summit Entities") is a Delaware limited partnership with its principal offices at 222 Berkeley Street, 18th Floor, Boston, Massachusetts 02116.

5. a.k.a. Brands Holding Corp. ("AKA," or the "Company") is a corporation formed under the laws of the State of Delaware that maintains its principal offices at 100 Montgomery Street, Suite 1600, San Francisco, California 94104.  The Company's common stock is registered with the U.S. Securities and Exchange Commission (the "SEC") pursuant to Section 12 of the Exchange Act, 15 U.S.C. §78l, and its common stock ("Common Stock") trades under the symbol "AKA" on the New York Stock Exchange (the "NYSE").  This Action is brought by Plaintiff in order to obtain a recovery for the Company, and AKA is a necessary party to this Action.

**JURISDICTION AND VENUE**

6. Jurisdiction of this Court is proper pursuant to Section 27 of the Exchange Act, 15 U.S.C. §78aa. At all times relevant, the Common Stock was listed for trading on the NYSE, a National Securities Exchange located within this District, and one or more of the transactions to be recited hereafter was effected through the facilities of that exchange, making venue proper in this District.

**CLAIM FOR RELIEF**

**The Summit Entities Were Statutory Insiders Within The Meaning Of Section 16(b)**

7. At all relevant times, the Summit Entities, directly or indirectly, acted together as a group with respect to acquiring, holding, voting and/or disposing of AKA equity securities (the "Shares"). The Summit Entities' concerted action was facilitated through, among other things, their interrelated nature and structure. Specifically, Summit is, and was at all relevant times, the sole shareholder or member of the two equity funds which own NELP and which control the voting and disposition of securities held by NELP. NELP directly held the Common Stock giving rise to Section 16(b) liability here.

8. As reported in a Schedule 13G filed with the SEC on February 4, 2022, as of December 31, 2021, the Summit Entities shared voting and dispositive power over 72,644,324 shares of Common Stock or approximately 56.47% of the outstanding Common Stock.

9. The Summit Entities continued to be subject to Section 16(b) throughout the relevant time period, as the Summit Entities reported owning 69,656,120 shares of Common Stock as of September 30, 2022, in a Form 13F-HR filed with the SEC on November 4, 2022. That was over 54% of the outstanding Common Stock at that time because the Company's Form 10-Q filed

3

on November 10, 2022, states, in part, that it had 128,815,758 shares of Common Stock outstanding as of November 7, 2022.

**The Summit Entities Sell and Purchase**
<u>**AKA Common Stock within Six Months**</u>

10. On September 22, 2021, Summit, NELP, Summit IX-B and Summit IX-A reported that NELP directly held 72,644,324 shares of Common Stock in a Form 3 Initial Statement of Beneficial Ownership of Securities filed with the SEC.

11. As of December 31, 2021, the Summit Entities still shared voting and dispositive power over 72,644,324 shares of Common Stock, or 56.47% of the 128,647,836 shares of outstanding Common Stock, as reported in a Schedule 13G filed with the SEC on February 4, 2022.

12. As of March 31, 2022, Summit held 66,055,718 shares of Common Stock, as reported in a Form 13F-HR filed with the SEC on May 11, 2002.  Therefore, in the three-month period between January 1, 2022 and March 31, 2022 (2022Q1), during which the Common Stock's trading price ranged from $3.92 per share to $9.52 per share, the Summit Entities sold at least 6,588,606 shares of Common Stock.

13. As of June 30, 2022, Summit held 67,841,891 shares of Common Stock, as reported in a Form 13F filed with the SEC on July 26, 2022. Therefore, in the three-month period between April 1, 2022 and June 30, 2022 ("2022Q2"), during which the Common Stock's trading price ranged from $2.70 per share to $4.70 per share, the Summit Entities acquired at least 1,786,173 shares of Common Stock

14. The purchases made during 2022Q1 and sales made during 2022Q2 may be matched against one another using the "lowest in, highest out" method to yield profits recoverable

from Defendants, to the extent of their respective pecuniary interests therein, under Section 16(b), with the exact amount of those profits to be determined based upon discovery.

15. As a consequence of the Summit Entities' failure to file Form 4s with the SEC, the exact number of shares purchased and sold during the relevant time period is currently unknown to Plaintiff. Nonetheless, it is apparent from various SEC filings by Summit that the Summit Entities engaged in short-swing trading and that the short-swing profits realized from these purchases and sales of Common Stock that are disgorgeable to the Company.

## BASIS FOR INFORMATION AND BELIEF

16. Plaintiff's information and belief is based on, among other things, the SEC filings referenced in ¶¶9-14, *supra*.

## ALLEGATIONS AS TO DEMAND

17. On October 31, 2023, based on the facts alleged above, Plaintiff made a demand for prosecution (the "Demand") on the Board of Directors of AKA. More than sixty days have passed from the date of the Demand and the Company has failed to recover the profits alleged herein or to institute a lawsuit to recover those profits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount to be determined at trial, plus pre-judgment interest, post-judgment interest and such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED:  January 25, 2024            **ABRAHAM, FRUCHTER & TWERSKY LLP**

           _s/ Jack G. Fruchter_
Jack G. Fruchter
Mitchell M.Z. Twersky
Michael J. Klein
450 7th Avenue, 38th Floor
New York, New York 10123
Telephone: (212) 279-5050
jfruchter@aftlaw.com
mtwersky@aftlaw.com
mklein@aftlaw.com

*Attorneys for Plaintiff*